1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   DANIEL J. O'BRIEN (Cal. Bar No. 141720)
4  Assistant United States Attorney
   Deputy Chief, Public Corruption & Civil Rights Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2468
7       Facsimile: (213) 894-2927
        E-mail:   daniel.obrien@usdoj.gov
8  ELISA FERNANDEZ (Cal. Bar. No. 172004)
   Assistant United States Attorney
9       1500 United States Courthouse
        312 North Spring Street
10      Los Angeles, California 90012
        Telephone: (213) 894-7383
11      Facsimile: (213) 894-2927

12 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
13
                 UNITED STATES DISTRICT COURT
14
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
15
   UNITED STATES OF AMERICA,          No. CR
16
              Plaintiff,              GOVERNMENT'S FILING OF OUT-OF-
17                                    DISTRICT PLEA AGREEMENT FOR
              v.                      DEFENDANT IMAAD SHAH ZUBERI
18
   IMAAD SHAH ZUBERI,
19
              Defendant.
20

21
       The government, by and through its attorney of record, the
22
   United States Attorney for the Central District of California, hereby
23
   files the attached plea agreement between defendant Imaad Shah Zuberi
24
   and the United States Attorney's Office for the Southern District of
25
   New York in the above-captioned case.  This plea agreement is being
26
   filed in this district for purposes of permitting defendant to enter
27
   a guilty plea in this district pursuant to Fed. R. Crim. P. 20.
28

1    Dated:                   Respectfully submitted,

2                       NICOLA T. HANNA
                       United States Attorney
3

4                       BRANDON D. FOX
                       Assistant United States Attorney
5                       Chief, Criminal Division

6                             /s/
                       DANIEL J. O'BRIEN
7                       Assistant United States Attorney

8                       Attorneys for Plaintiff
                       UNITED STATES OF AMERICA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GEOFFREY S. BERMAN
United States Attorney
EDWARD DISKANT
RUSSELL CAPONE
Assistant United States Attorneys
Chiefs, Public Corruption Unit
THOMAS McKAY
REBEKAH DONALESKI
NICOLAS ROOS
Assistant United States Attorneys
Public Corruption Unit
    1 St. Andrew's Plaza
    New York, New York 10021
    Telephone: 212-637-2268
    Facsimile: 212-637-1068
    E-mail:   thomas.mckay@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | No. CR |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT IMAAD SHAH ZUBERI |
| v. | |
| IMAAD SHAH ZUBERI, | |
| Defendant. | |

1.    This constitutes the plea agreement between Imaad Shah Zuberi ("defendant") and the United States Attorney's Office for the Southern District of New York ("the USAO") in the above-captioned case. All rights or powers of the USAO under this agreement may be exercised on behalf of the USAO by the United States Attorney's Office for the Central District of California. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

1          DEFENDANT'S OBLIGATIONS

2      2.    Defendant agrees to:

3          a.   Give up the right to indictment by a grand jury and,

4   at the earliest opportunity requested by the USAO and provided by the

5   Court, appear and plead guilty to a one-count information in the form

6   attached to this agreement as Exhibit A or a substantially similar

7   form, which charges defendant with obstruction of justice, in

8   violation of 18 U.S.C. §§ 1512(c)(1)-(2) and 2.

9          b.   Not contest facts agreed to in this agreement.

10          c.   Abide by all agreements regarding sentencing contained

11   in this agreement.

12          d.   Appear for all court appearances, surrender as ordered

13   for service of sentence, obey all conditions of any bond, and obey

14   any other ongoing court order in this matter.

15          e.   Not commit any crime; however, offenses that would be

16   excluded for sentencing purposes under United States Sentencing

17   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

18   within the scope of this agreement.

19          f.   Be truthful at all times with the United States

20   Probation and Pretrial Services Office and the Court.

21          g.   Pay the applicable special assessment at or before the

22   time of sentencing unless defendant has demonstrated a lack of

23   ability to pay such assessments.

24          THE USAO'S OBLIGATIONS

25      3.    The USAO agrees to:

26          a.   Not contest facts agreed to in this agreement.

27          b.   Abide by all agreements regarding sentencing contained

28   in this agreement.

1        c.   At the time of sentencing, provided that defendant

2    demonstrates an acceptance of responsibility for the offense up to

3    and including the time of sentencing, recommend a two-level reduction

4    in the applicable Sentencing Guidelines offense level, pursuant to

5    U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

6    additional one-level reduction if available under that section.

7        d.   Except for criminal tax violations (including

8    conspiracy to commit such violations chargeable under 18 U.S.C.

9    § 371), not further criminally prosecute defendant for (a) his

10   representations to the 58th Presidential Inaugural Committee (the

11   "PIC") regarding the source of funds for a $900,000 donation to the

12   PIC made in the name of "Avenue Ventures", and (b) acting as an agent

13   of one or more foreign principals by acting at the direction of, and

14   under control from, officials of the government of Pakistan, without

15   registering with the Department of Justice between in or about 2016

16   and in or about the present.  Defendant understands that the USAO is

17   free to criminally prosecute defendant for any other unlawful past

18   conduct or any unlawful conduct that occurs after the date of this

19   agreement.  Defendant agrees that at the time of sentencing the Court

20   may consider the uncharged conduct in determining the applicable

21   Sentencing Guidelines range, the propriety and extent of any

22   departure from that range, and the sentence to be imposed after

23   consideration of the Sentencing Guidelines and all other relevant

24   factors under 18 U.S.C. § 3553(a).

25                        NATURE OF THE OFFENSE

26        4.   Defendant understands that for defendant to be guilty of

27   the crime charged in Count One, that is, obstruction of justice, in

28

1  violation of Title 18, United States Code, Sections 1512(c)(1)-(2)

2  and 2, the following must be true:

3       a.   Defendant altered, destroyed, mutilated, or concealed

4  a record, document or other object, or attempted to do so, with the

5  intent to impair the object's integrity or availability for use in an

6  official proceeding, or otherwise obstructed, influenced, or impeded

7  an official proceeding; and

8       b.   Defendant acted corruptly.

9                      PENALTIES

10      5.  Defendant understands that the statutory maximum sentence

11  that the Court can impose for a violation of Title 18, United States

12  Code, Sections 1512(c) and 2, is: 20 years of imprisonment; a 3-year

13  period of supervised release; a fine of $250,000 or twice the gross

14  gain or gross loss resulting from the offense, whichever is greatest;

15  and a mandatory special assessment of $100.

16      6.  Defendant understands that supervised release is a period

17  of time following imprisonment during which defendant will be subject

18  to various restrictions and requirements.  Defendant understands that

19  if defendant violates one or more of the conditions of any supervised

20  release imposed, defendant may be returned to prison for all or part

21  of the term of supervised release authorized by statute for the

22  offense that resulted in the term of supervised release, which could

23  result in defendant serving a total term of imprisonment greater than

24  the statutory maximum stated above.

25      7.  Defendant understands that, by pleading guilty, defendant

26  may be giving up valuable government benefits and valuable civic

27  rights, such as the right to vote, the right to possess a firearm,

28  the right to hold office, and the right to serve on a jury.

1  Defendant understands that once the Court accepts defendant's guilty

2  plea, it will be a federal felony for defendant to possess a firearm

3  or ammunition.  Defendant understands that the conviction in this

4  case may also subject defendant to various other collateral

5  consequences, including but not limited to revocation of probation,

6  parole, or supervised release in another case and suspension or

7  revocation of a professional license.  Defendant understands that

8  unanticipated collateral consequences will not serve as grounds to

9  withdraw defendant's guilty plea.

10      8.  Defendant understands that, if defendant is not a United

11  States citizen, the felony conviction in this case may subject

12  defendant to: removal, also known as deportation, which may, under

13  some circumstances, be mandatory; denial of citizenship; and denial

14  of admission to the United States in the future.  The Court cannot,

15  and defendant's attorney also may not be able to, advise defendant

16  fully regarding the immigration consequences of the felony conviction

17  in this case.  Defendant understands that unexpected immigration

18  consequences will not serve as grounds to withdraw defendant's guilty

19  plea.

20                          FACTUAL BASIS

21      9.  Defendant admits that defendant is, in fact, guilty of the

22  offense to which defendant is agreeing to plead guilty.  In

23  particular, defendant admits that:

24          a.  In or about November 2016, the defendant asked an

25  individual ("Donor-1") to make a substantial donation to the 58th

26  Presidential Inaugural Committee ("PIC"). Donor-1 gave the defendant

27  a $50,000 check, intending it as a donation to the PIC.

28

1          b.    The defendant subsequently made a $900,000 donation to

2     the PIC in the name of an entity he controlled, but did not inform

3     the PIC that certain of the funds for his donation came from Donor-1.

4          c.    On or about February 5, 2019, media organizations

5     reported that a federal grand jury in the Southern District of New

6     York was investigating donations to the PIC, including specifically

7     the defendant's donation (the "SDNY Investigation").  Shortly

8     thereafter, the defendant contacted Donor-1 and requested an in-

9     person meeting.

10          d.    On or about February 25, 2019, the defendant met with

11    Donor-1 at a restaurant in California. At this meeting, the defendant

12    and Donor-1 discussed the SDNY Investigation, and the defendant asked

13    Donor-1, in substance, whether he had been contacted by federal

14    investigators.

15          e.    During the meeting, Donor-1 asked the defendant to

16    refund the $50,000 that Donor-1 had given the defendant as an

17    intended donation to the PIC.  The defendant initially refused to do

18    so.  However, when Donor-1 reminded the defendant that Donor-1 had

19    written on the check itself "Inauguration 17," the defendant promptly

20    agreed to repay Donor-1.

21          f.    The defendant then wrote a check to Donor-1 for

22    $50,000, indicating in the memo line that it was a "refund."

23    Although the defendant wrote the check on February 25, 2019, i.e.,

24    the date of the meeting described above, the defendant back-dated the

25    refund check to February 1, 2019, intending to obstruct justice by

26    making it appear that the defendant had returned Donor-1's money

27    before he learned of the SDNY Investigation into the source of funds

28    for the $900,000 PIC donation.

1    10.    Defendant and the USAO agree that this statement of facts

2  is sufficient to support a plea of guilty to the charge described in

3  this agreement and to establish the Sentencing Guidelines factors set

4  forth in paragraph 12 below but is not meant to be a complete

5  recitation of all facts relevant to the underlying criminal conduct

6  or all facts known to either party that relate to that conduct.

7                           SENTENCING FACTORS

8    11.    Defendant understands that in determining defendant's

9  sentence the Court is required to calculate the applicable Sentencing

10  Guidelines range and to consider that range, possible departures

11  under the Sentencing Guidelines, and the other sentencing factors set

12  forth in 18 U.S.C. § 3553(a). Defendant understands that the

13  Sentencing Guidelines are advisory only, that defendant cannot have

14  any expectation of receiving a sentence within the calculated

15  Sentencing Guidelines range, and that after considering the

16  Sentencing Guidelines and the other § 3553(a) factors, the Court will

17  be free to exercise its discretion to impose any sentence it finds

18  appropriate up to the maximum set by statute for the crime of

19  conviction.

20    12.    Defendant and the USAO agree that the following applicable

21  Sentencing Guidelines factors apply to the conduct described in the

22  Information attached as Exhibit A.

23    Base Offense Level:          14          U.S.S.G. § 2J1.2(a)

24    Acceptance of Responsibility: 2          U.S.S.G. § 3E1.1(a)

25    Total Offense Level:         12

26
27  The USAO will agree to a two-level downward adjustment for acceptance

28  of responsibility (and, if applicable, move for an additional one-

7

1  level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the
2  conditions set forth in paragraph 3.c are met and if defendant has
3  not committed, and refrains from committing, acts constituting
4  obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as
5  discussed below.  Subject to paragraph 25 below, defendant and the
6  USAO agree not to seek, argue, or suggest in any way, either orally
7  or in writing, that any other specific offense characteristics,
8  adjustments, or departures relating to the offense level be imposed.
9  Defendant agrees, however, that if, after signing this agreement but
10  prior to sentencing, defendant were to commit an act, or the USAO
11  were to discover a previously undiscovered act committed by defendant
12  prior to signing this agreement, which act, in the judgment of the
13  USAO, constituted obstruction of justice within the meaning of
14  U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set
15  forth in that section and to argue that defendant is not entitled to
16  a downward adjustment for acceptance of responsibility under U.S.S.G.
17  § 3E1.1.
18       13.  Defendant understands that there is no agreement as to
19  defendant's criminal history or criminal history category.
20       14.  Defendant understands that, in the event that Defendant's
21  sentencing in this matter is consolidated with his sentencing in
22  *United States v. Imaad Zuberi*, 19 Cr. 642, the above calculation may
23  change.

24                    WAIVER OF CONSTITUTIONAL RIGHTS
25       15.  Defendant understands that by pleading guilty, defendant
26  gives up the following rights:
27            a.   The right to persist in a plea of not guilty.
28            b.   The right to a speedy and public trial by jury.

8

1         c.   The right to be represented by counsel - and if

2 necessary have the Court appoint counsel -- at trial.  Defendant

3 understands, however, that, defendant retains the right to be

4 represented by counsel - and if necessary have the Court appoint

5 counsel - at every other stage of the proceeding.

6         d.   The right to be presumed innocent and to have the

7 burden of proof placed on the government to prove defendant guilty

8 beyond a reasonable doubt.

9         e.   The right to confront and cross-examine witnesses

10 against defendant.

11         f.   The right to testify and to present evidence in

12 opposition to the charges, including the right to compel the

13 attendance of witnesses to testify.

14         g.   The right not to be compelled to testify, and, if

15 defendant chose not to testify or present evidence, to have that

16 choice not be used against defendant.

17         h.   Any and all rights to pursue any affirmative defenses,

18 Fourth Amendment or Fifth Amendment claims, and other pretrial

19 motions that have been filed or could be filed.

20                   WAIVER OF APPEAL OF CONVICTION

21    16.  Defendant understands that, with the exception of an appeal

22 based on a claim that defendant's guilty plea was involuntary, by

23 pleading guilty defendant is waiving and giving up any right to

24 appeal defendant's conviction on the offense to which defendant is

25 pleading guilty.  Defendant understands that this waiver includes,

26 but is not limited to, arguments that the statute to which defendant

27 is pleading guilty is unconstitutional, and any and all claims that

28

1    the statement of facts provided herein is insufficient to support

2    defendant's plea of guilty.

3        WAIVER OF APPEAL OF SENTENCE AND WAIVER OF COLLATERAL ATTACK

4        17.   Defendant gives up the right to appeal all of the

5    following: (a) the procedures and calculations used to determine and

6    impose any portion of the sentence; (b) the term of imprisonment

7    imposed by the Court, provided it is within the statutory maximum;

8    (c) the fine imposed by the Court, provided it is within the

9    statutory maximum; (d) to the extent permitted by law, the

10   constitutionality or legality of defendant's sentence, provided it is

11   within the statutory maximum; (e) the term of probation or supervised

12   release imposed by the Court, provided it is within the statutory

13   maximum; and (f) any of the following conditions of probation or

14   supervised release imposed by the Court: the conditions set forth in

15   General Order 18-10 of this Court; the drug testing conditions

16   mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

17   drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18       18.   Defendant also gives up any right to bring a post-

19   conviction collateral attack on the conviction or sentence, except a

20   post-conviction collateral attack based on a claim of ineffective

21   assistance of counsel, a claim of newly discovered evidence, or an

22   explicitly retroactive change in the applicable Sentencing

23   Guidelines, sentencing statutes, or statutes of conviction.

24       19.   The USAO agrees that, provided that the Court imposes a

25   term of imprisonment within the statutory maximum, the USAO gives up

26   its right to appeal any portion of the sentence.

27

28

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the

11

1  USAO to declare a breach, and defendant shall not be deemed to have

2  cured a breach without the express agreement of the USAO in writing.

3  If the USAO declares this agreement breached, and the Court finds

4  such a breach to have occurred, then: (a) if defendant has previously

5  entered a guilty plea pursuant to this agreement, defendant will not

6  be able to withdraw the guilty plea, and (b) the USAO will be

7  relieved of all its obligations under this agreement.

8      23.  Following the Court's finding of a knowing breach of this

9  agreement by defendant, should the USAO choose to pursue any charge

10 that was either dismissed or not filed as a result of this agreement,

11 then:

12      a.   Defendant agrees that any applicable statute of

13 limitations is tolled between the date of defendant's signing of this

14 agreement and the filing commencing any such action.

15      b.   Defendant waives and gives up all defenses based on

16 the statute of limitations, any claim of pre-indictment delay, or any

17 speedy trial claim with respect to any such action, except to the

18 extent that such defenses existed as of the date of defendant's

19 signing this agreement.

20      c.   Defendant agrees that: (i) any statements made by

21 defendant, under oath, at the guilty plea hearing (if such a hearing

22 occurred prior to the breach); (ii) the agreed to factual basis

23 statement in this agreement; and (iii) any evidence derived from such

24 statements, shall be admissible against defendant in any such action

25 against defendant, and defendant waives and gives up any claim under

26 the United States Constitution, any statute, Rule 410 of the Federal

27 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

28 Procedure, or any other federal rule, that the statements or any

12

1  evidence derived from the statements should be suppressed or are
2  inadmissible.

3      COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
4      OFFICE NOT PARTIES

5      24.  Defendant understands that the Court and the United States
6  Probation and Pretrial Services Office are not parties to this
7  agreement and need not accept any of the USAO's sentencing
8  recommendations or the parties' agreements to facts or sentencing
9  factors.

10     25.  Defendant understands that both defendant and the USAO are
11  free to: (a) supplement the facts by supplying relevant information
12  to the United States Probation and Pretrial Services Office and the
13  Court, (b) correct any and all factual misstatements relating to the
14  Court's Sentencing Guidelines calculations and determination of
15  sentence, and (c) argue on appeal and collateral review that the
16  Court's Sentencing Guidelines calculations and the sentence it
17  chooses to impose are not error, although each party agrees to
18  maintain its view that the calculations in paragraph 12 are
19  consistent with the facts of this case.  While this paragraph permits
20  both the USAO and defendant to submit full and complete factual
21  information to the United States Probation and Pretrial Services
22  Office and the Court, even if that factual information may be viewed
23  as inconsistent with the facts agreed to in this agreement, this
24  paragraph does not affect defendant's and the USAO's obligations not
25  to contest the facts agreed to in this agreement.

26     26.  Defendant understands that even if the Court ignores any
27  sentencing recommendation, finds facts or reaches conclusions
28  different from those agreed to, and/or imposes any sentence up to the

                                    13

maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

1               PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      28.  The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
  FOR THE SOUTHERN DISTRICT OF NEW

7 YORK
  GEOFFREY S. BERMAN

8 United States Attorney

9

10 THOMAS McKAY               1/27/2020
  REBEKAH DONALESKI        Date

11 NICOLAS ROOS
  Assistant United States Attorneys

12

13 IMAAD SHAH ZUBERI        2/22/2020
  Defendant                Date

14                           3/5/2020

15 DAVID KELLEY              Date
  Attorney for Defendant Imaad Shah

16 Zuberi

17

18

19

20

21

22

23

24

25

26

27

28

                         15

1  CERTIFICATION OF DEFENDANT

2      I have read this agreement in its entirety.  I have had enough

3  time to review and consider this agreement, and I have carefully and

4  thoroughly discussed every part of it with my attorney.  I understand

5  the terms of this agreement, and I voluntarily agree to those terms.

6  I have discussed the evidence with my attorney, and my attorney has

7  advised me of my rights, of possible pretrial motions that might be

8  filed, of possible defenses that might be asserted either prior to or

9  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charge and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19 _____        2/22/2020

20 IMAAD SHAH ZUBERI                        Date
   Defendant

21

22

23 CERTIFICATION OF DEFENDANT'S ATTORNEY

24      I am Imaad Shah Zuberi's attorney.  I have carefully and

25 thoroughly discussed every part of this agreement with my client.

26 Further, I have fully advised my client of his rights, of possible

27 pretrial motions that might be filed, of possible defenses that might

28 be asserted either prior to or at trial, of the sentencing factors

16

1  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2  provisions, and of the consequences of entering into this agreement.

3  To my knowledge: no promises, inducements, or representations of any

4  kind have been made to my client other than those contained in this

5  agreement; no one has threatened or forced my client in any way to

6  enter into this agreement; my client's decision to enter into this

7  agreement is an informed and voluntary one; and the factual basis set

8  forth in this agreement is sufficient to support my client's entry of

9  a guilty plea pursuant to this agreement.

10

11  DAVID KELLEY                          Date   3/5/2020
   Attorney for Defendant Imaad Shah
12  Zuberi

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17