Ashwin J. Ram (SBN 277513)
*aram@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Attorney for Defendant*
Imaad Shah Zuberi

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IMAAD SHAH ZUBERI,<br><br>Defendant. | Case No.: 2:19-cr-00642-VAP<br>         No.: 2:20-cr-00155-VAP<br><br>**UNOPPOSED *EX PARTE* APPLICATION TO CLARIFY THAT THE NOTICE OF APPEAL WAS FILED IN BOTH CONSOLIDATED CASES, AND TO EXTEND THE TIME TO APPEAL IN CASE NO. 20-CR-155-VAP**<br><br>Judge: Hon. Virginia A. Phillips |

Case 2:20-cr-00155-VAP   Document 94   Filed 04/02/21   Page 2 of 18   Page ID #:448

# **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...................................................................... 1

II. PROCEDURAL BACKGROUND AND SUMMARY OF RELIEF SOUGHT ............................................................................................................. 1

III. APPLICABLE RULES ...................................................................................... 5

IV. DISCUSSION ...................................................................................................... 6

    A. THE NOTICE OF APPEAL IS EFFECTIVE TO APPEAL THE JUDGMENT, WHERE THE COURT CONSOLIDATED BOTH MATTERS ON THE GOVERNMENT'S MOTION .................................. 6

    B. TO PROTECT AGAINST UNFAIR AND UNFOUNDED FORFEITURE OF APPEAL, THE COURT SHOULD ALSO EXTEND THE TIME TO FILE A NOTICE OF APPEAL IN DOCKET NO. LACR-20-00155-VAP ....................................................... 9

        1. Good cause supports extending the time to appeal ...................... 10

        2. If, arguendo, the Judgment in the SDNY matter was left unappealed through neglect, such neglect was excusable ............................................................................................... 11

V. CONCLUSION .................................................................................................... 14

UNOPPOSED *EX PARTE* APPLICATION TO CLARIFY
THE NOTICE OF APPEAL

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Eberhart v. United States*,
   546 U.S. 12 (2005) ..................................................................................... 11

*Kontrick v. Ryan*,
   540 U.S. 443 (2004) ................................................................................... 11

*Lorenzen v. Employees Retirement Plan*,
   896 F.2d 228 (7th Cir. 1990) ..................................................................... 13

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ............................................................................. 9, 11

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
   507 U.S. 380 (1993) ................................................................................... 12

*Sherman v. Quinn*,
   668 F.3d 421 (7th Cir. 2012) ..................................................................... 13

*United States v. Sadler*,
   480 F.3d 932 (9th Cir. 2007) ..................................................................... 11

**Statutes**

18 U.S.C. § 1512(c)(1)-(2) ................................................................................. 1

18 U.S.C. § 3553(a) ....................................................................................... 3, 7

22 U.S.C. § 612 .................................................................................................. 1

22 U.S.C. § 618(a)(2) ........................................................................................ 1

26 U.S.C. § 7201 ................................................................................................ 1

52 U.S.C. § 30116 .............................................................................................. 1

52 U.S.C. § 30118 .............................................................................................. 1

52 U.S.C. § 30121 .............................................................................................. 1

ii
UNOPPOSED EX PARTE APPLICATION TO CLARIFY
THE NOTICE OF APPEAL

52 U.S.C. § 30122 .................................................................................................. 1

52 U.S.C. § 30109(d)(1) ......................................................................................... 1

Foreign Agents Registration Act ........................................................................ 1, 2

U.S.S.G. Ch. 3, Pt. D .............................................................................................. 8

U.S.S.G. § 5G1.2 ............................................................................................... 8, 10

**Other Authorities**

Fed. R. App. P. 4(b)(1)(A)(i) ....................................................................... 6, 12, 13

Fed. R. App. P 4(b)(4) ................................................................................ 1, 4, 5, 10

Fed. R. App. P. 4(b)(6) ..................................................................................... 6, 12

Fed. R. Crim. P. 8 ................................................................................................... 6

Fed. R. Crim. P. 8(a) .......................................................................................... 5, 6

Fed. R. Crim. P. 20 ............................................................................................. 2, 6

Fed. R. Crim. P. 32 ................................................................................................. 5

Fed. R. Crim. P. 4 ................................................................................................. 10

Fed. R. Crim. P. 4, adv. comm. notes, 1998 amendments, Subdiv. (b) ................ 10

Fed. R. Crim. P. 4(a)(5) ........................................................................................ 10

Fed. R. Crim. P. 4(b) ........................................................................... 6, 10, 11, 12

Fed. R. Crim. P. Rule 20(b) .................................................................................... 2

Fed. R. Crim. P. Rule 32(d) .................................................................................... 5

Fed. R. Crim. P. Rule 32(f) ..................................................................................... 5

Fed. R. Crim. P. Rule 32(i) .................................................................................. 5, 8

Fed. R. Crim. P. Rule 32(k) ............................................................................ 5, 8, 10

## I. PRELIMINARY STATEMENT

Defendant Imaad Shah Zuberi, through counsel, respectfully applies to this Court on an expedited basis for an order clarifying that the Notice of Appeal, timely filed March 4, 2021 on Docket No. 2:19-cr-642-VAP (Dkt. No. 335), applies to all of the counts of conviction that this Court consolidated for sentencing under both docket numbers captioned above. In an excess of caution, Zuberi also applies for an order extending the time to appeal in Docket No. 2:20-cr-155-VAP for 30 days, through April 9, 2021, under Federal Rule of Appellate Procedure 4(b)(4).

Though Defendant Zuberi's Notice of Appeal in No. 2:19-cr-642-VAP is already effective to appeal the Judgment entered in these two consolidated matters, the order sought will eliminate any uncertainty, and foreclose any potential misplaced argument that the Judgment entered on the 2:20-cr-155-VAP docket is unappealed because the Notice of Appeal was not filed on that docket (that matter having been consolidated with No. 2:19-cr-642-VAP for sentencing).

After consultation through email, the government does not oppose this *ex parte* application or the relief sought herein.

## II. PROCEDURAL BACKGROUND AND SUMMARY OF RELIEF SOUGHT

On February 18, 2021, this Court sentenced Defendant Imaad Shah Zuberi after his guilty-plea conviction on four counts: one count of violation of the Foreign Agents Registration Act ("FARA"), in violation of 22 U.S.C. §§ 612, 618(a)(2); one count of tax evasion, in violation of 26 U.S.C. § 7201; one count of illegal campaign contributions, in violation of 52 U.S.C. §§ 30116, 30118, 30121, 30122, and 30109(d)(1); and one count of obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1)-(2). The Judgment was entered on the docket February 24, 2021.[1]

---

[1] *See* Dkt. No. 332 (Judgment) in CR-19-00642-VAP.

Defendant, represented by new counsel on appeal (the undersigned counsel), filed a timely notice of appeal from that Judgment on March 4, 2021.[2]

The counts of conviction arose from two different Informations. The Information charging the FARA, tax, and campaign contribution counts originated in this District.[3] The information charging the obstruction of justice count originated in the Southern District of New York,[4] and was transferred to this District under Federal Rule of Criminal Procedure 20.[5]

At the change of plea hearing, the government moved orally to consolidate the two matters for sentencing,[6] explaining that the conduct charged in the SDNY obstruction count was "a mere subset" of alleged obstruction conduct in connection with the three CDCA counts,[7] was already addressed in the CDCA presentence report,[8] and that "any sentence imposed by the Court as to the New York matter ... would result in no effect on the overall Sentencing Guideline sentence" to be imposed on all counts.[9]

---

[2] *See* Dkt. No. 335 (Notice of Appeal) in CR-19-00642-VAP.

[3] *See* Dkt. Nos. 1 (Information), 5 (Plea Agreement), in CR-19-00642-VAP.

[4] *See* Dkt. Nos. 4 (Information), 5 (Plea Agreement), in CR-20-00155-VAP.

[5] *See* Dkt. No. 6 (Order re Transfer), in CR-20-155-VAP. Upon transferring the record under Rule 20(b), the Clerk of the Southern District of New York terminated the case on the New York docket. *See* Dkt. No. 1, at page 3 (SDNY docket entry for March 9, 2020, attached to Consent to Transfer), in CR-20-00155-VAP.

[6] Tr. of Change of Plea at 27, Dkt. No. 31 in CR-20-155-VAP.

[7] *Id.* at 15.

[8] *Id.* at 14-15.

[9] *Id.* at 28.

The defense joined the consolidation request,[10] and the Court granted the oral motion to consolidate the two matters for sentencing.[11]

Accordingly, the Court imposed sentence at a single proceeding,[12] after receiving a single presentence report[13] and a single course of consolidated sentencing briefs.[14] The Court's sentence was based on a single analysis of all four counts of conviction, under the U.S. Sentencing Guidelines and the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3553 et seq.[15] That sentence was embodied in a single Judgment.[16] Defendant Zuberi's Notice of Appeal timely appealed that Judgment in full, both conviction and sentence.[17]

With the sentence on all four consolidated counts entered in a single Judgment, Zuberi's new appellate counsel filed the Notice of Appeal on the docket of the original CDCA matter, CR-19-00642-VAP. That timely Notice of Appeal expressly challenges the convictions and the sentence imposed for all four consolidated counts. At the time the Notice of Appeal was filed, the undersigned counsel was aware that the sentence

---

[10] *See id.* at 28-29.

[11] *See id.* at 29; Dkt. No. 14 (Minutes of Change of Plea) in CR-20-155-VAP.

[12] *See* Dkt. Nos. 331 (Minutes of Sentencing), 337 (Partial Tr. of Sentencing), in CR-19-00642-VAP ("Sent. Tr."); *see also* Dkt. Nos. 86, 89 in CR-20-155-VAP (same minute entry and partial transcript).

[13] *See* Sent. Tr. at 4-5; *see also* Tr. of Change of Plea, at 14-15, Dkt. No. 31 in CR-20-00155-VAP (government explaining that both parties waive preparation of a separate presentence report, because the factual allegations in the SDNY obstruction count were already addressed in the CDCA presentence report).

[14] *See* Sent. Tr. at 6 (Court listing submissions).

[15] *See* Sent. Tr. at 7-16, 18-32, 53-55.

[16] That single Judgment was filed as Dkt. No. 335 in CR-19-00642-VAP, and as Dkt. No. 87 in CR-20-00155-VAP.

[17] *See* Dkt. No. 335 (Notice of Appeal), in CR-19-00642-VAP.

3
UNOPPOSED EX PARTE APPLICATION TO CLARIFY
THE NOTICE OF APPEAL

1 had been imposed at one consolidated sentencing proceeding, and was embodied in one
2 consolidated Judgment, but did not appreciate that despite such consolidation, the two
3 dockets had not been formally consolidated by the Clerk, or that the Information and
4 Change-of-Plea proceeding for the SDNY obstruction count did not appear on the
5 CDCA docket. Accordingly, counsel filed the Notice of Appeal only on the CDCA
6 docket, CR-19-00642-VAP, and did not file it on the docket of the transferred SDNY
7 count, CR-20-00155-VAP.

Because the matters were consolidated for sentencing,[18] and sentence was imposed in a single Judgment entered on both dockets,[19] the existence of parallel dockets is of no moment: Zuberi's Notice of Appeal challenging that Judgment, filed in CR-19-00642-VAP, is effective to appeal the Judgment in both consolidated matters. To avoid any potential confusion, however, in an excess of caution, Zuberi seeks an order from this Court clarifying that the Notice of Appeal is effective to appeal the Judgment in both consolidated matters. Such an order would prevent any misplaced argument that the Judgment entered on the LACR-20-00155-VAP docket is beyond appeal because the Notice of Appeal was not filed on that docket.

In a further excess of caution, Zuberi seeks an order under Federal Rule of Appellate Procedure 4(b)(4) extending the time to file a notice of appeal on Docket CR-20-00155-VAP for 30 days, through April 9, 2021. Such an order, allowing Zuberi to re-file his Notice of Appeal on that docket, would similarly foreclose any misplaced argument that Zuberi's filing his Notice of Appeal on only one of two dockets rendered the Notice ineffective to appeal the Judgment on the other docket. Significantly, it would also foreclose any misplaced argument that the failure to file the Notice of

---

[18] *See* Dkt. No. 14 in Docket CR-20-00155-VAP (Minute Order); *id.* Dkt. No. 31, at 29 (Change-of-Plea Tr.).

[19] *See* Dkt. No. 332 in Docket CR-19-00642-VAP; Dkt. No. 87 in Docket LACR-20-00155-VAP.

Appeal on the CR-20-00155 docket somehow created an unwaivable defect in appellate jurisdiction, despite this Court's consolidation of the two matters on the government's motion.

### III. APPLICABLE RULES

**Federal Rule of Criminal Procedure 8(a)**, titled "Joinder of Offenses," provides:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

**Federal Rule of Criminal Procedure 32**, titled "Sentencing and Judgment," provides for: the preparation and disclosure of a Presentence Report, Rule 32(d); the opportunity to object to the Presentence Report, Rule 32(f); and a prescribed procedure for a Sentencing hearing, Rule 32(i), followed by the entry of Judgment, Rule 32(k). Rule 32(k) provides in relevant part:

> **(k) Judgment.**
>
> **(1) In General.** In the judgment of conviction, the court must set forth the plea, ... the adjudication, and the sentence.... The judge must sign the judgment, and the clerk must enter it.

**Federal Rule of Appellate Procedure 4(b)(4)** authorizes the Court to extend the time to file a notice of appeal by up to 30 days upon a finding of good cause or excusable neglect:

> **(4) Motion for Extension of Time.** Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) requires that a notice of appeal in a criminal case be filed within 14 days after the entry of the judgment being appealed. "A judgment ... is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6).

## IV. DISCUSSION

### A. The Notice of Appeal is effective to appeal the Judgment, where the Court consolidated both matters on the government's motion

Though the counts of conviction originated in separate Informations,[20] this Court consolidated them for sentencing, on the government's motion.[21]

At the June 30, 2020 change-of-plea hearing on the obstruction count charged in the SDNY matter, the government "move[d] the Court to consolidate the two matters for sentencing, in accordance with the Rule 8, the joinder rules."[22] Rule 8(a), invoked by the government, allows the joinder in one case of separate counts that "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." In its Notice of Related Case, filed upon the Rule 20 transfer of the SDNY matter, the government had explained that "[t]he obstruction charges emanating

---

[20] *See* Dkt. No. 1 in CR-19-00642-VAP; Dkt. No. 4 in CR-20-0155-VAP.

[21] *See* Dkt. No. 14 (Minute Order, in CR-20-00155-VAP; *id.* Dkt. No. 31, at 29 (Change-of-Plea Tr.).

[22] *Id.* Dkt. No. 31, at 27 (Change-of-Plea Tr.).

6
UNOPPOSED EX PARTE APPLICATION TO CLARIFY
THE NOTICE OF APPEAL

1  out of the Southern District of New York (SDNY) are a small set of a larger scheme to
2  obstruct the government's investigation of the Central District of California (CDCA)
3  case."[23]

4  At the change-of-plea hearing, the government confirmed that "the allegations in
5  this factual basis are a mere subset of additional allegations that were raised by the
6  Government with respect to obstruction of justice" in the CDCA case.[24]  After
7  confirming that the defense joined the consolidation request,[25] this Court "grant[ed] the
8  oral motion to consolidate the two matters for sentencing purposes."[26]

9  Consistent with that consolidation, the parties agreed that the Presentence Report
10 in the CDCA matter, to which both parties filed objections, was sufficient, and waived
11 preparation of a Presentence Report in the SDNY matter.[27]  Though the parties had
12 earlier filed sentencing briefs addressing the offenses charged in the CDCA counts,[28]
13 after the guilty plea in the SDNY matter, the parties filed final sentencing briefs setting
14 out consolidated positions on all four counts.[29]

15 The Court then conducted a single sentencing, at which it resolved PSR disputes,
16 reached a Sentencing Guideline calculation, and considered the 18 U.S.C. § 3553(a)

---

[23] Dkt. No. 3 (Notice to Court of Related Criminal Case), in CR-20-00155-VAP.

[24] *Id.* at 15.

[25] *See id.* at 28-29.

[26] *Id.* at 29; *see also id.* Dkt. No. 14 (Minute Order) ("The Court GRANTS the parties' joint oral motion to consolidate this case with Case No. CR 19-00642-VAP for the purposes of Sentencing.").

[27] *See id.* Dkt. No. 31, at 14-15 (Change-of-Plea Transcript).

[28] *See* Sent. Tr. at 6, Dkt. No. 337 in CR-19-00642-VAP; *also filed as* Dkt. No. 89, in CR-20-00155-VAP.

[29] *See* Dkt. Nos. 122 and 223 in Docket No. CR-19-00642-VAP.

7
UNOPPOSED EX PARTE APPLICATION TO CLARIFY
THE NOTICE OF APPEAL

factors with respect to all four counts.[30]  After hearing argument[31] and allocution[32] common to all counts, the Court imposed a single sentence of 144 months, $15,705.080.11 restitution, a $1,750,000 fine, a $400 special assessment, and three years' supervised release.[33]  The Court embodied those terms in a single written Judgment, covering all four counts, and entered that identical Judgment on each of the dockets it had ordered consolidated for sentencing.[34]

Because the two matters were consolidated for sentencing, and the same sentence, covering all four counts, was imposed in a single Judgment entered in duplicate on both dockets, the Notice of Appeal challenging that consolidated Judgment is effective to challenge the Judgment, whether or not it was filed in duplicate on both dockets (as the Judgment was).  The two matters, having been consolidated for sentencing, are by definition treated as one. There is only one consolidated sentence, and there is only one consolidated Judgment, even if entered in duplicate on the parallel dockets of the consolidated matters.  (The Court held only one sentencing under Rule 32(i), and the Judgment is a part of that sentencing, implementing it under Rule 32(k).)  One timely Notice of Appeal is sufficient to challenge that one sentence and one Judgment.

---

[30] Sent. Tr. at 7-16, 18-32.

[31] *See id.* at 32-51.

[32] *See id.* at 52-53.

[33] *See id.* at 53-55.  As is standard under the Sentencing Guidelines, the Court calculated one Guidelines range based on the most serious offense charged, and imposed one sentence covering all offenses of conviction.  *See* U.S.S.G. Ch. 3, Pt. D. The Court then allocated the duration of the sentence of imprisonment among the counts of conviction, running the individual counts concurrently or consecutively as necessary to add up to the single overall sentence length.  *See* Sent. Tr. at 55; U.S.S.G. § 5G1.2.

[34] *See* Dkt. No. 332 in CR-19-00642-VAP; Dkt. No. 87 in CR-20-00155-VAP.

Any potential argument that the Judgment was nonetheless unappealed, and is now beyond appeal, because it was entered on a docket where no subsequent Notice of Appeal was entered, would render this Court's consolidation order nugatory. It would also amount to an unfair bait-and-switch. Having sought and obtained an order consolidating the two matters for sentencing, the government may not now take the position that there nonetheless were two independent Judgments, with one remaining unappealed despite a timely appeal of its identical twin. Law and equity do not permit such sharp practice. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (setting out principle of judicial estoppel). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken," *id.*, as Zuberi did here.[35]

To foreclose any possibility of an unfair and unfounded suggestion that the Judgment in the consolidated SDNY matter stands unappealed because the Notice of Appeal was not filed on that docket, this Court should enter an order clarifying that the Notice of Appeal timely filed on the CADC docket was effective to appeal the single Judgment that was entered in both consolidated proceedings and filed in duplicate on both dockets.

**B.    To protect against unfair and unfounded forfeiture of appeal, the Court should also extend the time to file a notice of appeal in Docket No. LACR-20-00155-VAP**

In addition, to further protect against any possible unfounded argument that Zuberi failed to appeal the Judgment by filing his Notice on only one docket and not the other, this Court should exercise its discretion to extend the time to file a notice of

---

[35] *See* Dkt. No. 31, at 28-29 (Change-of-Plea Transcript) (defense joining in the government's oral motion to consolidate the proceedings).

appeal in the SDNY matter, CR-20-00155-VAP, to prevent an unfair and unfounded loss of Zuberi's appeal rights despite his timely appeal of the Judgment.

Federal Rule of Appellate Procedure 4(b)(4) authorizes the Court, upon a finding of excusable neglect or good cause, either before or after the time has expired, to extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed.[36] Defendant Zuberi's notice of appeal was due March 10, 2021 (14 days after judgment was entered on February 24, 2021). Here, if the government were poised to argue that the Judgment in the consolidated SDNY matter is unappealed, both good cause and (arguendo) excusable neglect would warrant extending the time to appeal for 30 days, until April 9, 2021, to prevent such an unjust result.

### 1. Good cause supports extending the time to appeal

Because the CDCA and SDNY matters were consolidated for sentencing, by definition there was only one sentence and one Judgment. (The Judgment is the final step of sentencing, under Rule 32(k).[37]) As noted above, any argument that the sentence and Judgment on the SDNY count nonetheless remains unappealed because

---

[36] *Id.* (quoted *supra* at 7). Prior to 1998, Rule 4(b)(4) authorized extension of the time to appeal only upon a finding of excusable neglect. Though good cause was a reason to extend the time to appeal in civil cases under Rule 4(a)(5), it was not applicable in criminal cases under Rule 4(b)(4). The 1998 amendment added "good cause" to Rule 4(b)(4), because the drafters "believe[d] that 'good cause' should be sufficient in criminal cases as well.'" Rule 4, adv. comm. notes, 1998 amendments, Subdiv. (b). Unlike an earlier version of Rule 4(a)(5), "[t]he amendment does not limit extensions for good cause to instances in which the motion for extension of time is filed before the original time has expired. The rule gives the district court discretion to grant extensions for good cause whenever the court believes it appropriate to do so provided that the extended period does not exceed 30 days after the expiration of the time otherwise prescribed by Rule 4(b)." *Id.*

[37] *See supra* at 7.

the Notice of Appeal was not filed on that docket would, if accepted, render this Court's consolidation order nugatory.[38] It would also, if accepted, constitute a bait-and-switch: assuring Zuberi that there was but one sentence, and then trapping him when he filed only one notice of appeal of that sentence. Such sharp practice is barred by the rule of judicial estoppel.[39]

Protecting both Mr. Zuberi and the integrity of the judicial process from such unfair manipulation and the possibility of unfair prejudice is good cause to extend the time for Zuberi to re-file his Notice of Appeal on the SDNY-matter docket as well.[40] The simple expedient of allowing Zuberi to re-file his Notice of Appeal on Docket CR-20-00155-VAP, to appeal the identical Judgment also filed there, would put the parties in the place contemplated by the consolidation order and Zuberi's timely-filed Notice of Appeal from the Judgment. Providing such certainty, in an excess of caution, would prevent the unfairness of a potential forfeit of Zuberi's right to appeal the Judgment over a procedural "gotcha."

### 2. If, arguendo, the Judgment in the SDNY matter was left unappealed through neglect, such neglect was excusable

Because this Court's consolidation order resulted in only one sentence and Judgment, Zuberi's single Notice of Appeal was effective to appeal that Judgment. But if, *arguendo*, Zuberi's failure to file his Notice of Appeal on the CR-20-00155-VAP docket had the effect of leaving the Judgment on that docket unappealed, such neglect

---

[38] *See supra* at 11.

[39] *See id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).

[40] Notably, unlike the 30-day time to appeal in a civil case, the 14-day time to appeal in a criminal case is not jurisdictional. Instead, it is a non-jurisdictional claim-processing rule, which may be subject to exceptions such as waiver, estoppel, or, here, authorized judicial exception. *See United States v. Sadler*, 480 F.3d 932, 934-40 (9th Cir. 2007) (applying *Eberhart v. United States*, 546 U.S. 12 (2005), and *Kontrick v. Ryan*, 540 U.S. 443 (2004) to Rule 4(b)).

11

would be excusable, and would support extending the time to allow Zuberi to re-file his Notice of Appeal on that docket.

This Court's identical Judgment imposing the same sentence on all counts was filed on both dockets. Defendant Zuberi timely filed his Notice of Appeal from that Judgment on March 4, 2021 on Docket CR-19-00642-VAP. By the time counsel realized (in the process of designating transcripts for the record on appeal on March 17, 2021) that despite this Court's consolidation order the Clerk had not formally consolidated the two dockets in full, the March 10, 2021 time to file a notice of appeal on the CR-20-00155-VAP docket had passed.[41]

"Excusable neglect," as used in federal court rules authorizing exceptions to timely-filing requirements, can encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."[42] By empowering district courts to extend the time to file upon a finding of excusable neglect, Rule 4(b) authorizes extension where the necessity for it is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."[43] Whether neglect is "excusable" "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[44] "If the mistake is slight, nonprejudicial, easily understandable, could

---

[41] March 10, 2021, was 14 days after the Judgment was entered on the docket. *See* Dkt. 87, in CR-20-00155-VAP; Fed. R. App. P. 4(b)(1)(A)(i), (6).

[42] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).

[43] *Id.*

[44] *E.g.*, *Pioneer*, 507 U.S. at 395.

happen to the best of us, etc., then dismissal of the appeal, with prejudice, may be an excessive sanction."[45]

Here, the failure to file the Notice of Appeal on the CR-20-00155-VAP docket was not the result of dilatoriness or misunderstanding the time to appeal. Zuberi did timely file his Notice of Appeal from the Judgment on March 4, six days before the March 10 deadline under Rule 4(b)(1)(A)(i). The misstep was not a failure to file the Notice of Appeal, but rather a failure to include the docket number of the consolidated SDNY matter, and to electronically re-file the notice on that second docket. That failure stemmed from counsel's failure to appreciate that the SDNY matter was on a separate docket, and that despite the Court's conduct of a consolidated sentencing, the two dockets had not been fully and formally consolidated. That good-faith misunderstanding is precisely the sort of "slight, nonprejudicial, easily understandable, could happen to the best of us" oversight that should not result in forfeiture of an appeal.

There is no danger of any prejudice to the government, or any marginal delay of the appeal, given that the appeal may not proceed, and appellate counsel may not even receive and review the full record, until counsel has received security clearances. Counsel have submitted applications for clearances, and those applications are under review by the Department of Justice's Litigation Security Group, a process expected to take a month or more. No prejudice will ensue from permitting Defendant to clarify the scope of his Notice of Appeal by re-filing it on the docket of the consolidated SDNY matter, to remove any uncertainty or doubt.

---

[45] *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990); *see also id.* at 233 (if the error "was a natural one," based on a "plausible misconstruction, but not mere ignorance, of the law or rules," or "an attorney's good faith misinterpretation of a procedural rule," it may constitute "excusable neglect," "not requir[ing] that [the] appeal be forfeited"); *Sherman v. Quinn*, 668 F.3d 421, 426 (7th Cir. 2012) (analyzing *Lorenzen*).

Case 2:20-cr-00155-VAP   Document 94   Filed 04/02/21   Page 18 of 18   Page ID #:464

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order: (1) clarifying that the March 4, 2021 Notice of Appeal filed in CR-19-00642-VAP appeals the Judgment in both consolidated matters; and (2) extending the time to file a Notice of Appeal in CR-20-00155-VAP through April 9, 2021, to permit Defendant Zuberi to re-file his Notice of Appeal on that docket, and thereby remove any arguable uncertainty about the scope of his Notice of Appeal.

Dated:   April 2, 2021                    Respectfully submitted,

**STEPTOE & JOHNSON LLP**

*/s/ Ashwin J. Ram*
Ashwin J. Ram

*Counsel for Defendant Imaad Zuberi*

UNOPPOSED EX PARTE APPLICATION TO CLARIFY
THE NOTICE OF APPEAL