**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> IMAAD SHAH ZUBERI, <br><br> Defendant-Appellant. | No.  21-50048 <br><br> D.C. No. <br> 2:19-cr-00642-VAP-1 <br><br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> IMAAD SHAH ZUBERI, <br><br> Defendant-Appellant. | No.  21-50084 <br><br> D.C. Nos. <br> 2:20-cr-00155-VAP-1 <br> 2:20-cr-00155-VAP |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted January 8, 2024
Pasadena, California

Before: CHRISTEN and BENNETT, Circuit Judges, and KATZMANN,** Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Imaad Zuberi pled guilty to one count each of violating the Foreign Agents Registration Act (FARA), tax evasion, and making illegal campaign contributions. One year later, Zuberi pled guilty to a related obstruction of justice charge. Contained in both of Zuberi's plea deals was a waiver of appealability with an exception for claims that the plea was involuntary. The district court sentenced Zuberi to a total of 144 months imprisonment.

Zuberi argues his pleas were involuntary, because he was denied his Sixth Amendment right to conflict-free counsel.[1] Zuberi claims one of his lawyers, Evan Davis, had an impermissible conflict of interest related to Davis's representation of another person, Joseph Arsan, charged under FARA by the same section of the same U.S. Attorney's Office (USAO). Zuberi alleges he had an interest in knowing that, while he was negotiating his plea agreement, the same USAO was granting deferred prosecution agreements (DPAs) to other defendants like Arsan charged under FARA. Because Davis did not disclose the details of Arsan's plea negotiations, Zuberi argues his own plea deal was involuntary as it relied on incomplete information from conflicted counsel.

We find Zuberi's right to conflict-free counsel was not violated, and the

---

\*\*     The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.
[1] Zuberi also raises certain arguments in sealed briefings. We address those arguments in a contemporaneously filed sealed memorandum.

voluntariness of his decision to plead guilty was not influenced by any conflict.

Claims that a defendant's Sixth Amendment rights were violated due to conflicted counsel are appropriate on direct appeal "(1) 'when the record on appeal is sufficiently developed to permit review and determination of the issue,' or (2) 'when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.'" *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000) (quoting *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir. 1992)). The record here is sufficient for us to review Zuberi's claims. A claim that a conflict of interest violated a defendant's Sixth Amendment rights is a mixed question of fact and law, which is reviewed de novo. *See Garcia v. Bunnell*, 33 F.3d 1193, 1195 (9th Cir. 1994).

## DISCUSSION

The Sixth Amendment right to counsel may be violated in some circumstances where counsel has a conflict of interest that adversely affects their representation of the defendant. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). For ineffective assistance of counsel claims where the appellant entered a guilty plea, the appellant must establish "there is a reasonable probability that, but for counsel's [alleged conflict], he would not have pleaded guilty and would have insisted on going to trial." *Washington v. Lampert*, 422 F.3d 864, 873 (9th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). To prevail on an ineffective assistance claim

3

where there was no such claim before the district court, the appellant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler*, 446 U.S. at 348.

### I. Davis's representation of an unrelated defendant is not an actual conflict.

Zuberi has established neither that Davis had divided loyalties nor, even if divided loyalties existed, that the conflict adversely affected Davis's performance. Arsan's case is not as similarly situated as Zuberi argues. Where Arsan was a middleman in a roughly $300,000 scheme, Zuberi was the leader in a multi-million-dollar effort to funnel foreign funds into federal election campaigns. Zuberi attempted to bribe a witness to keep the individual from cooperating with the FBI, deleted emails after receiving a government subpoena, and backdated a check to obscure his violations of FARA.

Zuberi, under Davis's counsel, signed his plea agreement on October 6, 2019. Arsan, also under Davis's counsel, signed his DPA on November 10, 2020, over a year later. While Davis might have known the possible terms of Arsan's plea agreement at the time Zuberi entered his plea deal, Davis was unaware of the final terms on which the government and Arsan would agree. Given the factual distinctions between Zuberi's and Arsan's situations, the lack of connection between Zuberi's and Arsan's respective schemes, and the temporal differences in Davis's

4

representation of Zuberi and Arsan, there is no showing that Davis had divided loyalties and a conflict in representing these two individuals.

> **II. Davis's performance was not adversely affected by his representation of Arsan.**

It is "at least necessary, to void the conviction, for petitioner to establish that the conflict of interest adversely affected his counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 174 (2002). "The central question that we consider in assessing a conflict's adverse effect is 'what the advocate found himself compelled to refrain from doing' because of the conflict." *Lockhart v. Terhune*, 250 F.3d 1223, 1231 (9th Cir. 2001) (cleaned up) (quoting *United States v. Allen*, 831 F.2d 1487, 1497 (9th Cir. 1987)).

Zuberi argues the conflict forced Davis to stay silent about Arsan's DPA, which resulted in Davis "fail[ing] to inform [Zuberi] of viable 'alternative courses of action' based on the same prosecuting agency's offers to similarly situated defendants." Zuberi fails to recognize that Davis and co-counsel *did* seek a DPA on his behalf. In an April 2018 meeting with the USAO, at which Davis was present, co-counsel James Bowman "stated ZUBERI is still seeking a deferred prosecution." There is no evidence in the record that Davis's representation was restricted due to his conflict.

Zuberi has the burden of showing what Davis found "himself compelled to refrain from doing" because of his representation of Arsan. *Allen*, 831 F.2d at 1497

5

(emphasis omitted) (quoting *Holloway v. Arkansas*, 435 U.S. 475, 490 (1978)). While Zuberi claims that had he known of Arsan's plea he "would have . . . negotiat[ed] harder based on better information," there is no evidence that Davis refrained from seeking the best agreement he could secure on Zuberi's behalf.

## CONCLUSION

Because Davis's representation of an unrelated defendant in a factually distinguishable matter is not a conflict that adversely affected his ability to represent Zuberi, we find that Zuberi's right to conflict-free counsel was not violated. We affirm Zuberi's conviction, but as explained in the sealed memorandum, we issue a limited remand regarding issues raised by Zuberi in his appeal of his sentence.